UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.O., an individual, by and through Guardian Ad Litem Patricia Rincon,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MERCED, a municipal corporation; City of Merced Police Officer WILLIAM AVERY, individually and in his official capacity as an officer for the City of Merced; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | Case No.   1:25-cv-01628-KES-EPG<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 17) |

Plaintiff E.O., a minor, has brought this civil rights action against Defendants City of Merced, City of Merced Police Officer William Avery and DOES 1-50, alleging excessive force that occurred on school property. Now before the Court is a motion to appoint Plaintiff's legal guardian, Patricia Rincon, as the guardian ad litem for the minor Plaintiff. (ECF No. 17). For the following reasons, the Court will grant the motion.

**I.      SUMMARY OF THE MOTIONS**

Plaintiff's motion states that Plaintiff was born in 2009 and is presently sixteen (16) years old. (ECF No. 17 at 1). Additionally, Patricia Rincon, Plaintiff's legal guardian

> [I]s willing to serve as the minors' Guardian Ad Litem until such time as the minor turns eighteen years of age. Petitioner is fully competent to understand and protect the rights of the minor. Petitioner has no interest adverse to that of the minor because their interests concerning liability are totally aligned, and their interests concerning damages totally align as

1

well. The measure of damages is individual to the minor plaintiff, with any amount awarded to Minor Plaintiff not impacting petitioner, and where the nature of the family relationships advances each other's interests, as opposed to being adverse to each other's interests. As the child's legal guardian, Petitioner is also the best person to act in the interest of the minor.

(*Id.* at 2).

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

(a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

        . . . .

(c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 9th Cir. 1986).

## III.    DISCUSSION

The minor Plaintiff lacks the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must

2

conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601). Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between the proposed guardian ad litem and the minor Plaintiff. Additionally, there is nothing to indicate that the proposed guardian ad litem would not act in the minor Plaintiff's best interests.

Included with the motion to appoint a guardian ad litem was information regarding attorney interests required by Local Rule 202(c). (ECF No. 17). Counsel indicates that involvement in this case was at the request of plaintiffs, and that counsel has not received, nor does counsel expect to receive any compensation for services rendered in connection with this action from any person other than the parties whom they represent in this action. (*Id.* at 3).

**IV.     CONCLUSION AND ORDER**

Upon review, IT IS ORDERED that the motion to appoint a guardian ad litem (ECF No. 17) is granted. Patricia Rincon shall serve as the guardian ad litem for Plaintiff E.O.[1]

IT IS SO ORDERED.

Dated:   **April 23, 2026**                     /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Should there be a settlement of the minor Plaintiff's claims, counsel is directed to seek court approval as required by Local Rule 202(b).

3